■ REALTY PARKING INC. v. THOMAS LOSPENUSO.— Application denied, with $10 costs, and the stay contained in the order to show cause dated December 18, 1957 is vacated. Concur — Botein, P. J., Valente, McNally, Stevens and Bergan, JJ.

■ ALLEN SAVAGE, Doing Business as ALLEN SAVAGE NETWORK PRODUCTIONS v. MICHAEL STEVEN CORPORATION.— Application denied, with $10 costs, and the stay contained in the order to show cause dated January 2, 1958 is vacated. Concur — Botein, P. J., Valente, McNally, Stevens and Bergan, JJ.

■ HARRY VALLEN, Appellant, v. FIFTH AVENUE COACH CORP., Respondent.

*Per Curiam.* The medical affidavits of the plaintiff establish a fracture of the left malleolus superimposed on a prior fracture thereof allegedly aggravating a pre-existing congenital scoliosis. The defendant has not submitted any medical evidence in rebuttal. The application brought on by notice of motion dated November 1, 1951, for a rule V preference under New York County Supreme Court Trial Term Rules, makes a sufficient showing to warrant the preference.

Order dated December 2, 1955, on the facts and in the exercise of discretion is unanimously reversed and the motion granted, with $20 costs and disbursements to the appellant. Appeal from order dated December 6, 1956, is dismissed as academic, without costs. Appeal from determination dated September 12, 1955, is dismissed, without costs. Said determination was not made upon notice and is not therefore appealable. (Civ. Prac. Act, § 609.) The proper procedure for one aggrieved by such a determination is to move for reconsideration of the determination made by the court on its own motion pursuant to rule V and if the movant is aggrieved by the disposition thereon, to prosecute an appeal therefrom.

We observe that the determination dated September 12, 1955, printed in the case on appeal, is at variance with the original determination on file in the County Clerk's office. The original determination on file contains the following language: "Upon the foregoing papers and upon the motion of the justice presiding preference not warranted." This language is omitted from the printed papers and the following words substituted: "this motion is denied. Opinion filed herewith." The proper disposition of appeals depends on a complete and accurate record on appeal which is assured only if counsel exercise extreme care in comparing the printed record with the original filed papers before signing the stipulation waiving certification. It is apparent that this procedure was not followed in preparing this record.

Botein, P. J., Valente, McNally, Stevens and Bergan, JJ., concur.

Appeal [from order entered Sept. 12, 1955] unanimously dismissed, without costs.

Order [entered Dec. 2, 1955] unanimously reversed on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion granted.

Appeal [from order entered Dec. 6, 1956] unanimously dismissed, without costs, having become academic by virtue of the decision of this court in appeal [from order entered Dec. 2, 1955], decided herewith.